**LAW OFFICES OF VINCENT S. WONG**
Vincent S. Wong, Esq.
Bar: VW9016
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X     Civil Action No.
ZUO LING FENG, and YUEHENG ZHENG DE FENG,

                 *Plaintiffs*,

   – against –     **COMPLAINT**

JPMORGAN CHASE BANK, N.A,

                 *Defendant*,
------------------------------------------------------------------X

Plaintiffs, ZUO LING FENG, and YUEHENG ZHENG DE FENG, by the undersigned attorneys, the Law Offices of Vincent S. Wong, complaining of Defendant hereby states:

**PRELIMINARY STATEMENT**

1. Plaintiffs are victims of fraud. The perpetrator, or perpetrators, created fraudulent checks bearing Plaintiff's Savings Bank Account number and issued these fraudulent checks with an unknown address of Plaintiffs to various entities and individuals. Defendant processed and cleared these checks and transactions.

2. The perpetrator used these fraudulent checks to take approximately $200,000.00 from Plaintiffs' savings account.

3. Plaintiffs disputed the charges with Defendant, but Defendant has refused to treat the transactions as unauthorized. Defendant's attempt to hold Plaintiff liable directly violates the

1

Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, et seq., which protects consumers from liability for unauthorized transfers. It also breaches Defendant's own promises regarding customer liability for unauthorized transfers.

4. Defendant also violated the EFTA by denying claims of unauthorized transactions without providing any written explanation and without providing to the consumer the documents Defendant reviewed during the investigation or even notice to the consumer of the consumer's right to investigation documents.

5. Both an explanation of the denial and a notice of the right to request these materials are required under the EFTA.

6. Defendant's behavior and actions are illegal and these practices cannot continue going forward.

7. Plaintiffs brings this action against the Defendant JPMORGAN CHASE BANK, N.A. (hereinafter "Defendant") to recover damages for, *inter alia*, violations of the New York Uniform Commercial Code (UCC) Article 4; breach of contract; negligence; conversion; unjust enrichment; violations of the Electronic Fund Transfer Act (EFTA) (15 U.S.C. § 1693 et seq.); fraud, breach of fiduciary duty; promissory estoppel, and attorneys' fees and costs, against Defendant.

**JURISDICTION AND VENUE**

8. This Court had subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 – diversity.

9. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because it is the judicial district in which Defendant resides and maintains its department of state process address.

## THE PARTIES

11. Plaintiff ZUO LING FENG (hereinafter "Plaintiff"), is an individual resident of the country of Venezuela.

12. Plaintiff YUEHENG ZHENG DE FENG (hereinafter "Plaintiff"), is an individual resident of the country of Venezuela.

13. Plaintiffs are "consumers" as defined by the EFTA, 15 U.S.C. § 1693a(6).

14. JPMorgan Chase Bank, N.A. ("Chase Bank" or "Defendant") is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9). It is a citizen of New York.

## STATEMENT OF FACTS

15. Plaintiffs maintains a legitimate Chase checking account, a Chase Sapphire Checking account, numbered 695014358465 ("Checking Account").

16. Plaintiffs maintains a legitimate Chase savings account, a Chase Plus Savings account, numbered 695014358401 ("Savings Account").

17. In May and June 2019, nearly $200,000 was fraudulently withdrawn from Plaintiffs' Savings Account through unauthorized checks, which Defendant negligently permitted to conduct unauthorized transactions ("Fraudulent Checks").

18. The Fraudulent Checks and fraudulent transactions processed by Defendant include:

3

      a.      Check No. 1003 - $33,000, dated May 29, 2019;

      b.      Check No. 1004 - $62,000, dated June 12, 2019;

      c.      Check No. 1005 - $72,000, dated June 19, 2019;

      d.      Check No. 1006 - $27,500, dated June 5, 2019.

19.    Notably, these Fraudulent Checks were drawn from Plaintiffs' Savings account, despite the fact that banks, including Defendant, do not issue checks against savings accounts.

20.    This should have been a clear red flag for Defendant, as it violates standard banking protocols.

21.    Plaintiffs did not issue any checks, nor do banks issue checks on savings accounts, or request withdrawals from their Savings Account, and these Fraudulent Checks and transactions were unauthorized, bearing false addresses which are unknown and not authorized to be used by Plaintiffs, falsified signatures, and were issued from the Fraudulent Account created without Plaintiffs' knowledge or consent.

22.    Defendant failed to implement adequate fraud detection measures and negligently processed these unauthorized transactions despite clear discrepancies, including differing addresses, account numbers, and the inherent nature of checks being issued against a savings account.

23.    Plaintiffs did not receive their bank statements in September, 2019 while in Venezuela, where mail delivery was disrupted due to political instability and economic instability in Venezuela.

24.    Additionally, from 2018 to 2023, Plaintiffs were in China caring for Plaintiff Feng's elderly mother until her passing, delaying their discovery of the Fraudulent Checks and fraudulent withdrawals.

25. Plaintiffs promptly reported the fraudulent transactions upon discovery, but Defendant refused to take responsibility or reimburse the stolen funds.

26. To date, Defendant has not refunded Plaintiffs' money, depriving Plaintiffs of their own hard earned legal money.

27. By reason of the foregoing, Plaintiffs are entitled to damages and punitive damages against Defendant, calculated in sums exceeding the jurisdiction of all lower courts.

## COUNT I

## VIOLATIONS OF THE NEW YORK

## UNIFORM COMMERCIAL CODE (UCC) ARTICLE 4

28. Plaintiffs repeat and re-allege all the previous paragraphs as if they are fully set forth herein at length.

29. Defendant's actions constitute violations of Article 4A of the New York Uniform Commercial Code.

30. Defendant's breaches of the Uniform Commercial Code were willful, deliberate, and malicious.

31. Defendant's wrongful actions were committed with the intent of unjustly enriching itself at Plaintiff's expense.

## COUNT II

## BREACH OF CONTRACT

32. Plaintiffs repeat and re-allege all the previous paragraphs as if they are fully set forth herein at length.

33. Defendant entered into a contract with Plaintiffs when Plaintiffs opened and maintained their bank accounts.

34. Under New York law, to establish a claim for breach of contract, a plaintiff must prove: (1) that an agreement existed between it and the defendant; (2) what the respective obligations of the parties were; (3) that the plaintiff performed its obligation under the agreement; (4) that the defendant breached the agreement by failing to perform its obligation; and (5) that the plaintiff suffered damages as a result of the breach. *Sefton v. Hewitt*, 4 Misc. 3d 1001(A), and *Emfore Corp. v. Blimple Associates, Ltd.*, 2005 N.Y. Misc. LEXIS 8555.

35. Defendant's failure to safeguard Plaintiffs' funds and wrongful release of money to an unauthorized party constitutes a breach of contract.

36. Defendant's actions also constitute a breach of the express and implied warranties of good faith and fair dealing.

## COUNT III

## NEGLIGENCE

37. Plaintiffs repeat and re-allege all the previous paragraphs as if they are fully set forth herein at length.

38. Defendant owed Plaintiffs a duty to safeguard his funds and prevent fraudulent activity on his account.

39. Defendant breached this duty by allowing fraudulent withdrawals from Plaintiffs' Savings Account without proper verification or security measures.

40. As a direct and proximate result of Defendant's negligence, Plaintiffs suffered monetary losses in the amount of approximately $200,000.

## COUNT IV

## CONVERSION

41. Plaintiffs repeat and re-allege all the previous paragraphs as if they are fully set forth herein at length.

42. Defendant wrongfully exercised dominion and control over Plaintiffs' funds by releasing them to an unauthorized party.

43. Defendant's conduct constitutes unlawful conversion of Plaintiffs' property.

## COUNT V

## UNJUST ENRICHMENT

44. Plaintiffs repeat and re-allege all the previous paragraphs as if they are fully set forth herein at length.

45. Defendant has been unjustly enriched by funds that were fraudulently withdrawn from Plaintiffs' account.

46. It would be against equity and good conscience to allow Defendant to retain the benefits of its wrongful conduct.

## COUNT VI

## VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT (EFTA)

## (15 U.S.C. § 1693 et seq.)

47. Plaintiffs repeat and re-allege all the previous paragraphs as if they are fully set forth herein at length.

48. Under EFTA, Defendant was required to investigate and resolve errors related to unauthorized electronic fund transfers in a timely manner.

49. Defendant failed to comply with EFTA by refusing to restore Plaintiffs' stolen funds despite clear evidence of fraud.

50. Defendant's violations of EFTA entitle Plaintiffs to statutory and actual damages.

## COUNT VII

### (Electronic Fund Transfers Act, 15 U.S.C. § 1693 et seq.)

### EFTA Excess Consumer Liability Class

51. Plaintiffs repeat and re-allege all the previous paragraphs as if they are fully set forth herein at length.

52. The Electronic Fund Transfer Act ("EFTA") places sharp limitations on consumer liability for unauthorized transactions. § 1693g.

53. Because Plaintiff did not give actual authority to the fraudster to initiate the transfers, the transactions initiated by the fraudster constituted unauthorized electronic fund transfers under § 1693a(12)

54. These transactions do not qualify for the exception under § 1693a(12)(A) because Plaintiff did not "furnish" the fraudster with the checks; instead, as provided in 12 C.F.R. § 1005.2, the transfers were initiated by a person who created fraudulent checks issued against a savings account without Plaintiffs' consent or knowledge and which were all transacted through fraud and therefore constitute unauthorized electronic fund transfers. See, e.g., Official Interpretation of the Regulation E, regarding 12 C.F.R. 1005.2(m)(3).

55. By holding Plaintiffs responsible for the full amount of the unauthorized transfer rather than the limits set forth by § 1693g(a), Defendant has violated the EFTA.

56. As a direct and proximate result of Defendant's violations of the EFTA, Plaintiffs are entitled to an award of statutory and actual damages as well as attorney's fees and costs.

57. Additionally, because Defendant did not have a reasonable basis for believing that Plaintiffs' account was not in error, Defendant's conduct violates § 1693f(e), entitling Plaintiffs to treble damages.

## COUNT VIII

## (Electronic Fund Transfers Act, 15 U.S.C. § 1693 et seq.)

### EFTA Excess Consumer Liability Class

58. Plaintiffs repeat and re-allege all the previous paragraphs as if they are fully set forth herein at length.

59. Plaintiff's call to Defendant in which Plaintiffs explained that they had not authorized the transfers and that such checks were issued against a savings account which Defendant does not offer constituted notification to Defendant of an error under § 1693f.

60. As a result of a notification complying with § 1693f, Defendant was obligated to investigate the error and determine whether an error has occurred.

61. When Defendant determined that an error did not occur, it was obligated to deliver or mail Plaintiffs an explanation of its findings within 3 business days after the conclusion of its investigation, and upon request of Plaintiffs promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur. § 1693f(d). 98. Defendant also had an obligation to include notice of the right to request reproductions with the explanation of its findings. § 1693f(d).

62. Defendant has never delivered or mailed Plaintiffs any materials related to its determination that an error did not occur.

63. As reflected in the drafting of § 1693f(d), a critical part of a good faith investigation under the EFTA is informing the subject of the investigation of the reasons for the finding and providing the subject with notice of the right to examine the documents relied upon in making determinations.

9

64. Defendant's failure to do so prevents account-holders like Plaintiffs from learning the full basis for Defendant's decision, potentially limiting their ability to successfully resolve their dispute, pursue their full rights, obtain additional information about the allegedly unauthorized charges, and fully understand the reasons for the adverse resolution of the dispute.

65. A consumer's right to the notice in question—i.e. notice of the right to examine the documents relied upon by the Bank in making the adverse determination—is a procedural right which protects plaintiff's concrete interests. Violation of that right presents a "risk of real harm" to that concrete interest.

66. Failure to comply with § 1693f(d)'s requirement of notice entitles Plaintiffs to statutory damages pursuant to § 1693m(a) as well as attorney's fees and costs.

## COUNT IX

## FRAUD

67. Plaintiffs repeat and re-allege all the previous paragraphs as if they are fully set forth herein at length.

68. Defendant engaged in fraudulent misconduct by failing to investigate the authenticity of the checks drawn on a savings account, which should have been a clear indication of fraud.

69. Defendant acted with knowledge of the fraudulent activity or with reckless disregard for the truth, effectively allowing these transactions to proceed without proper scrutiny.

70. As a direct and proximate result of Defendant's fraudulent conduct, Plaintiffs suffered monetary losses and damages in an amount to be determined at trial but no less than $200,000.

## COUNT X

**BREACH OF FIDUCIARY DUTY**

71. Plaintiffs repeat and re-allege all the previous paragraphs as if they are fully set forth herein at length.

72. Defendant owed a fiduciary duty to Plaintiffs to exercise utmost good faith and loyalty in safeguarding Plaintiffs' funds.

73. Defendant breached this fiduciary duty by failing to implement and enforce adequate security protocols to protect against fraud, including the prevention of unauthorized withdrawals from Plaintiffs' Savings Account.

74. As a direct and proximate result of this breach, Plaintiffs have incurred significant financial losses and other damages.

**COUNT XI**

**PROMISSORY ESTOPPEL**

75. Plaintiffs repeat and re-allege all the previous paragraphs as if they are fully set forth herein at length.

76. Promissory estoppel is plead in the alternative.

77. Defendant made clear and unambiguous promises to Plaintiffs.

78. There was a reasonable and foreseeable reliance by the Plaintiffs based on the promises Defendant made to Plaintiffs.

79. Plaintiffs sustained damages and injury in reliance on Defendant's promises.

**COUNT XII**

**ATTORNEYS' FEES AND COSTS**

80. Plaintiffs repeat and re-allege all the previous paragraphs as if they are fully set forth herein at length.

**81.** Plaintiffs are entitled to recover all reasonable attorneys' fees and all other expenses to enforce the agreements between the parties.

**82.** A contractual provision exists for the recovery of attorneys' fees and all other expenses.

## DAMAGES

**83.** As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs are entitled to compensatory damages, punitive damages, and statutory damages in amounts exceeding the jurisdictional limits of all lower courts.

## JURY TRIAL DEMAND

**84.** Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs, on behalf of themselves, demand a trial by jury on all questions of fact raised by the complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant judgment against the Defendant and in favor of Plaintiffs as follows:

**(1)** awarding an amount to be determined by the Court for all counts and causes of actions including but not limited to claims for violations of the New York Uniform Commercial Code (UCC) Article 4; breach of contract; negligence; conversion; unjust enrichment; violations of the Electronic Fund Transfer Act (EFTA) (15 U.S.C. § 1693 et seq.); fraud, breach of fiduciary duty; promissory estoppel, and attorneys' fees and costs, against Defendant;

**(2)** awarding punitive damages in an amount to be determined by the Court;

**(3)** awarding costs, pre-judgment and post-judgment interest in an amount to be determined by the Court;

**(4)** awarding reasonable attorneys fees'; and

**(5)** such other and further relief as the court deems just, proper, and equitable.

Dated: March 20, 2025  
       New York, NY

Respectfully submitted,

**LAW OFFICES OF VINCENT S. WONG**

<u>/s/ Vincent S. Wong</u>  
Vincent S. Wong, Esq. (VW9016)  
39 East Broadway, Suite 306  
New York, NY 10002  
T: (212) 349-6099  
F: (212) 349-6599  
*Attorneys for the Plaintiff*