UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZUO LING FENG and YUEHENG ZHENG DE FENG,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | 25 Civ. 2313 (DEH) (GWG)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

Zuo Ling Feng and Yueheng Zheng De Feng ("Plaintiffs") sue Defendant JPMorgan Chase Bank ("JPMorgan") stemming from its refusal to reimburse them for what they allege are fraudulent withdrawals from their Chase savings account. Plaintiffs assert claims of (1) violation of Article 4 of the Uniform Commercial Code ("UCC"), (2) breach of contract, (3) negligence, (4) conversion, (5) unjust enrichment, (6)-(8) three violations of the Electronic Funds Transfer Act ("EFTA"), (9) fraud, (10) breach of fiduciary duty, (11) promissory estoppel, and (12) attorneys' fees and costs.

JPMorgan has moved to dismiss all claims. For the reasons below, JPMorgan's Motion to Dismiss is **GRANTED** in full.

## BACKGROUND[1]

Plaintiffs maintain a checking and savings account with Chase Bank. Complaint ("Compl.") ¶¶ 15-16, ECF No. 1. From May 29, 2019 to June 5, 2019, four checks were withdrawn from Plaintiffs' savings account, totaling $194,500. *Id.* ¶¶ 17-18. Plaintiffs allege these checks

---

[1] Unless otherwise stated, the background facts in this section are drawn from Plaintiffs' Complaint and are assumed to be true for purposes of the Motion to Dismiss. *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023).

were unauthorized fraudulent withdrawals from their account. *Id.* ¶ 21. Plaintiffs allege that the checks bore false signatures and used false, differing addresses. *Id.*

Plaintiffs are residents of Venezuela and allege that they did not receive bank statements reflecting the transactions in September 2019 because "political" and "economic instability" in the country disrupted mail services. *Id.* ¶ 23. Plaintiffs were located in China from 2018 to 2023 (and therefore were not in Venezuela at all in 2019), which they allege further delayed their discovery of the transactions. *Id.* ¶ 24. They eventually reported the fraud to JPMorgan upon discovering the transactions in 2023. *Id.* ¶¶ 24-25. However, JPMorgan has not taken any action to reimburse the withdrawn funds. *Id.* ¶ 26.

Plaintiffs' savings account with Chase is governed by a Deposit Account Agreement ("DAA").[2] The DAA requires account holders to notify Chase within thirty days of a statement to be reimbursed for any claimed losses associated with errors or fraudulent transactions. 2019 DAA at 9.

## LEGAL STANDARD

JPMorgan brings its Motion to Dismiss under Rule 12(b)(6).[3] To survive a motion to dismiss pursuant to that rule, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In assessing the complaint,

---

[2] The Court takes judicial notice of the agreement, appended to JPMorgan's filings in support of its Motion to Dismiss. *See In re Synchrony Fin. Secs. Litig.*, 988 F.3d 157, 171 (2d Cir. 2021); Decl. of Sylvia Simson in Support of Motion to Dismiss, Ex. 4 ("2019 DAA"), ECF No. 16-4.

[3] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

the court "must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07.  But the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 230 (E.D.N.Y. 2013) ("Although this Court must accept the factual allegations set forth in Plaintiffs' complaint as true, threadbare recitals and conclusory statements unsupported by specific facts are not entitled to such credence.").

## DISCUSSION

As a threshold matter, JPMorgan argues that all of Plaintiffs' claims are barred by the DAA governing Plaintiffs' Chase Bank savings account.  *See* Memorandum of Law in Support of Motion to Dismiss ("Def. Memo") at 6-7, ECF No. 17.  Under the DAA, account holders are required to notify Chase Bank "within 30 days" after receipt of an account statement showing fraudulent or otherwise disputed transactions.  2019 DAA at 9.  The DAA provides that if account holders fail to provide such notice within 30 days, Chase disclaims any responsibility to reimburse them for any loss, and account holders waive any legal claim against Chase associated with the disputed transactions.  *Id.*

Plaintiffs contend that the DAA's 30-day notice provision waiving their right to reimbursement or to bring any legal claim associated with the disputed transactions cannot be enforced because it conflicts with the New York Uniform Commercial Code ("NYUCC" or "UCC").  Pls.' Mem. of Law in Opp'n to Mot. to Dismiss ("Pls.' Memo") at 11-12, ECF No. 21. As Plaintiffs note, the New York Court of Appeals has held that "the one-year repose period in section 4-A-505 [of the NYUCC] cannot be modified by agreement."  *See Regatos v. N. Fork Bank*, 838 N.E.2d 629, 633 (N.Y. 2005).  Plaintiffs may be correct that the right to seek reimbursement or bring legal claims associated with disputed transactions within one year cannot

be waived[4]—but even if so, a plaintiff must *provide notice within the one-year statute of repose provided for by the NYUCC. See id.* ("[A] bank has an obligation to refund the principal regardless of notice, provided such notice is given within one year in accordance with UCC 4-A-505."). And here, Plaintiffs have failed to adhere to this requirement.

Under New York law, the one-year statute of repose to bring a claim associated with a disputed transaction begins to toll when a customer receives notice of the transaction. *Id.* at 633-635. Furthermore, § 4-406 of the NYUCC provides that banks that provide sufficient notice of transactions may not be held liable for a disputed transaction if customers do not report an unauthorized signature within a year. Section 4-406(4) of the NYUCC provides that

> Without regard to care or lack of care of either the customer or the bank a customer who does not within one year from the time the statement and items are made available to the customer . . . discover and report his unauthorized signature or any alteration on the face or back of the item . . . is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration.

Section 4-406(1) clarifies that the one-year period provided in Section 4-406(4) begins to toll

> When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant to a request or instructions of its customer or otherwise in a reasonable manner makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof.

---

[4] JPMorgan notes that, subsequent to the New York Court of Appeals decision in *Regatos*, courts have upheld contractual 30-day notice requirements. *See, e.g., Bernstein v. Bank of Am.*, 104 N.Y.S.3d 142 (N.Y App. Div. 2019); *Weiser v. Citigroup, Inc.*, 109 N.Y.S.3d 14 (N.Y. App. Div. 2019); *Gluck v. JPMorgan Chase Bank*, 785 N.Y.S.2d 77 (N.Y. App. Div. 2004). These cases, however, cite both the applicable contractual notice requirement, and NYUCC § 4-406, which, as discussed *infra*, provides that, if a bank provides sufficient notice of a transaction to a customer, the bank cannot be held liable if the customer fails to report the allegedly unauthorized transaction within a year. In *Bernstein*, for example, a New York court held that the plaintiffs were barred from bringing claims against a bank where the bank showed it had mailed monthly statements to the plaintiffs, who failed to dispute the transactions at issue until four years later. 104 N.Y.S.3d at 144.

Thus, whether or not the DAA is validly enforceable, § 4-406 of the NYUCC bars Plaintiffs' claims. In their Complaint, Plaintiffs allege that JPMorgan sent them the relevant account statements in September 2019. Compl. ¶ 23. Plaintiffs allege that they did not receive the September 2019 statement because of economic and political instability in Venezuela. *Id.* However, they do not allege that the statement was sent to an incorrect address, nor do they allege that the bank statements were never delivered. And they allege that their ability to ascertain the purported fraud was further delayed by their long-term travel to China from "2018 to 2023," *id.* ¶ 24, indicating that it was their own absence from Venezuela that delayed their discovery of the purported fraud, and that they could have discovered the disputed transactions earlier if they had "exercise[d] reasonable care and promptness to examine" banking correspondence delivered to their permanent Venezuelan address. *See* NYUCC § 4-406(1). In fact, it is unclear from the Complaint how Plaintiffs could even have a basis to know that the September 2019 statement was not timely delivered to their permanent address, as they allege they were outside the country during the time period when JPMorgan sent the statement. *See Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*, No. 10 Civ. 1777, 2011 WL 381612, at *6 (E.D.N.Y. Feb. 2, 2011) ("Where plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.").

Thus, there is no indication from Plaintiffs' allegations that JPMorgan provided deficient notice of the transactions at issue when it sent their bank statements in 2019. Accordingly, because they failed to provide notice to JPMorgan until 2023, NYUCC § 4-406(4) bars their claims. *See Bernstein*, 104 N.Y.S.3d at 143 ("A bank may avoid . . . liability . . . under UCC 4-406(4), which places a duty on the customer to discover and report an unauthorized signature within one year from the time the statement or items are made available to the customer." (internal quotations omitted)). Because all of Plaintiffs' claims arise from allegedly fraudulent transactions that they

5

failed to report in a timely manner, they must be dismissed. JPMorgan's motion is therefore **GRANTED** as to all claims.

**CONCLUSION**

For the reasons discussed herein, JPMorgan's Motion to Dismiss is **GRANTED** as to all claims. A dismissal for "failure to state a claim" is "generally with prejudice." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) (citation omitted). Accordingly, this case is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is respectfully requested to terminate ECF No. 15 and to close this case.

SO ORDERED.

Dated: March 31, 2026

New York, New York

DALE E. HO
United States District Judge